IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00100–RM–KMT

ALAN E. DEATLEY, an individual,
15 CORPORATIONS, INC., a Washington state corporation, and
SOLUTIONS INTERNATIONAL, LLC, an Oregon limited liability company,

    Plaintiffs,

v.

KERMIT ALLARD, individual,
ROBERT KLICK, individual,
ALLARD & KLICK, LLC, a Colorado limited liability company,
DAVE ZAMZOW, individual, and
EHRHARDT KEEFE STEINER & HOTTMAN, a Colorado limited liability limited partnership,

    Defendants.

---

**ORDER**

---

    This matter is before the court on Plaintiff DeAtley's "Motion for Stay." (Doc. No. 28, filed Feb. 21, 2014.) The following responses were filed on March 14, 2014:

    The Allard Defendants' Response in Opposition to Plaintiff DeAtley's Motion for Stay (Doc. No. 30 [Allard Defs. Resp.]);

    Defendant Zamzow's Response to Plaintiff DeAtley's Motion for Stay (Doc. No. 31 [Zamzow Resp.]); and

    Defendant EKS&H, LLLP's Response in Opposition to Plaintiff DeAtley's Motion to Stay (Doc. No. 32 [EKS&H Response]).

Plaintiff DeAtley's Reply to Defendants' Response to Motion for Stay was filed on March 24, 2014. For the following reasons, Plaintiff DeAtley's Motion to Stay is GRANTED in part and DENIED in part.

In this action, Plaintiffs Alan DeAtley, 15 Corporations, Inc., and Solutions International, LLC, assert claims for negligent misrepresentation, professional negligence, fraud, and defamation. These claims arise out of Defendants' provision of accounting and valuation services to Plaintiffs with respect to conservation easement programs in both Yakima County, Washington, and Jackson County, Colorado. (*See* Doc. No. 3, First Am. Compl.) The Colorado Department of Revenue ultimately disallowed state tax credits associated with the conversation easements in Jackson County, and Plaintiff DeAtley was indicted by the Denver District Attorney on various criminal counts, including forgery, tax evasion, and double sale of credits.

The criminal charges against Plaintiff DeAtley remain pending. Plaintiff DeAtley maintains that there is no practical way to proceed with this action while his criminal case is pending because "any testimony or utterance" in this civil action "will likely be used to argue that DeAtley has waived Fifth Amendment privilege." (Mot. at 3.) As such, Plaintiff DeAtley seeks a stay of all proceedings in this action until resolution of the criminal case against him.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished). Nevertheless,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  Thus, although generally disfavored in this District, *see Bustos v. United States,* 257 F.R.D. 617, 623 (D. Colo. 2009), a stay of proceedings is an appropriate exercise of the court's discretion.

When considering a stay in a matter involving parallel criminal and civil proceedings, the primary debate centers on the criminal defendant's potential waiver or invocation of his Fifth Amendment rights.  "The Constitution [] does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."  *SEC v. Dresser Industries Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 317–19 (1976)). Nevertheless, "a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interests of justice seem to require such action."  *Id.* at 1375 (internal quotation omitted).  *See also United States v. Kordel*, 397 U.S. 1, 11-12 (1970) (parallel civil and criminal actions might, in "special circumstances," raise constitutional problems and a defendant might be able to argue that his due process and self-incrimination rights require the stay of proceedings in the civil action).

In *Cruz v. County of Dupage*, No. 96 C 7170, 1997 WL 370194, at *1 (N.D. Ill. June 27, 1997), the court aptly observed the "ultimate question . . . is whether the court should exercise its discretion in order to avoid placing the defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings."  In the view of the *Cruz* court, the "severe burden" defendants would face in

fighting both proceedings simultaneously outweighed the potential prejudice to the private plaintiffs arising from a stay. *Id.*; *see also Brumfield v. Shelton*, 727 F.Supp. 282, 284 (E.D. La. 1989) ("In a case where there is a real and appreciable risk of self-incrimination, an appropriate remedy would be a protective order postponing civil discovery until termination of the criminal action."); *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) ("A stay of civil discovery until after criminal proceedings are complete will enable [defendants] to defend the civil case vigorously without fear of subsequent prosecution").

At the outset, the court acknowledges that this case is not on all fours with the cases cited above because, here, it is the plaintiff, rather than the defendant, who seeks a stay of proceedings. Generally speaking, "a civil plaintiff has no absolute right to both his silence and his lawsuit." *Wehling v. Columbia Broadcasting Sys.,* 608 F.2d 1084, 1088 (5th Cir. 1979); *see also Jones v. B.C.* ("While it may be true that an individual should suffer no penalty for the assertion of a constitutional right, neither should third parties sued by that individual who have no apparent interest in the criminal prosecution, be placed at a disadvantage thereby."). However, in accord with the cases cited above, courts have recognized that a stay may be appropriate to avoid requiring a plaintiff "to choose between his silence and his lawsuit," so long as it does not impose undue hardship on the defendants. *Wehling,* 608 F.2d at 1089. Thus, the fact that Mr. DeAtley is a plaintiff, rather than a defendant, is of little import, assuming a stay is otherwise warranted.

In determining whether to stay civil proceedings, courts balance the burden of proceeding with both cases simultaneously against the harm to the civil opponent, in this case the defendants, if a stay were granted. *See* Judge Milton Pollack, Presentation at the Transferee

Judges' Conference, PARALLEL CIVIL AND CRIMINAL PROCEEDINGS, 129 F.R.D. 201, 203 (1989). A motion for a stay entails a case-by-case, fact-specific inquiry, with courts frequently citing some combination of six factors in determining whether to enter a civil stay: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the plaintiff has been indicted; (3) the interests of the defendants in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *See Transworld*, 886 F.Supp. at 1139; *see also In Re Worldcom, Inc. Securities Litigation*, 2002 WL 31729501 (S.D.N.Y. Dec. 5, 2002); *Cnty. of Dupage*, 1997 WL 370194, at *2; *Digital Equip. Corp. v. Currie Enterprises*, 142 F.R.D. 8, 12 (D. Mass. 1991); *White v. Mapco Gas Products Inc.*, 116 F.R.D. 498, 502 (E.D. Ark. 1987).)

A.   *Overlap of Issues*

The extent of overlap is the "most important factor in ruling on a motion to stay." *SEC v. Nicholas,* 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008) (citing Pollack, PARALLEL CIVIL AND CRIMINAL PROCEEDINGS, 129 F.R.D. at 203). Defendants do not dispute that the facts of this case overlap with the criminal case. (Allard Defs. Resp. at 11-12; *see generally* Zamzow Resp.; EKS&H Resp.) As such this factor weighs heavily in favor of a stay.

B.   *Status of the Case*

Defendants also do not dispute that Plaintiff was criminally indicted. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in

5

the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy

Trial Act considerations." *Transworld*, 866 F.Supp. at 1139 (internal citations omitted).  Indeed,

the fact that indictments have been returned is critical because it dictates both the degree of risk

of self-incrimination and the length of potential delay to the civil case.

> The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned. The potential for self-incrimination is greatest during this stage, and the potential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act.

*Dresser*, 628 F.2d at 1375-76.

Numerous courts, including the Southern District of New York in the *Worldcom* civil litigation, have granted civil stays in the post-indictment context.  *In Re Worldcom*, Inc., 2002 WL 31729501, at *9; *Colmar Distributors Inc. v. New York Post Co. Inc.*, 152 F.R.D. 36 (S.D.N.Y. 1993); *Midas Int'l Corp. v. CV & G Trans. Services*,  No. 87 C 2180, 1987 WL 18916 (N.D.Ill. Oct. 19, 1987); *Fidelity Funding of California v. Reinhold*, 190 F.R.D. 45, 48 (E.D.N.Y.1997) (staying the civil case against the defendant who was under indictment while denying a stay as to his unindicted civil co-defendant); *Gala Enterprise Inc. v. Hewlett Packard Co.*, No. 96 Civ. 4864 (DC), 1996 WL 732636, at *2 (S.D.N.Y. Dec. 20, 1996) ("Pre-indictment requests of a stay of civil proceedings are generally denied").

The fact that Plaintiff was indicted several years ago, in October 2010, does not dissuade the court of the importance of this factor.  It is undisputed that a trial has not yet been held in Plaintiff's criminal case, primarily because the case is currently pending on appeal before the Colorado Supreme Court regarding Plaintiff's attorney's attempt to withdraw as counsel.  Under these circumstances, it may well have been necessary for Plaintiff to file this case,

notwithstanding the delays in his criminal case, to avoid his claims being time-barred by the statute of limitations. Accordingly, the court finds that this factor also weighs heavily in favor of a stay of discovery.

### C.     *Interests of the Parties*

As to the third and fourth factor, Defendants argue that they would be prejudiced by an indefinite stay because (1) as time passes, "'witnesses will become unavailable, memories of conversations will fade, and documents will be lost and destroyed,'" and (2) they have an interest in clearing their names and being free of pending litigation. (Allard Defs. Resp. at 12.) While these concerns are not insignificant, the court finds these they are outweighed by the potential prejudice Plaintiff would suffer if this action were to proceed, notwithstanding the pending criminal case. In addition, Defendants' second concern will largely be alleviated because the court declines to stay ruling on Defendants' motions to dismiss, as discussed *infra*. Accordingly, this factor also favors a stay.

### D.     *Interests of the Court*

The fifth factor does not weigh strongly either for or against a stay. On the one hand, "[t]he Court has a strong interest in keeping litigation moving to conclusion without unnecessary delay." *In re CFS-Related Securities Fraud Litigation*, 256 F.Supp.2d 1227, 1241 (N.D. Okla. 2003). On the other hand, resolution of the criminal case may (1) increase the possibility of settlement of the civil case, and (2) "may reduce the scope of discovery in the civil case [as] the evidence gathered during the criminal prosecution can later be used in the civil action." *Transworld*, 886 F.Supp. at 1140.

*E.     Public Interest*

As to the final factor, Defendants point to two other cases filed by Plaintiff, where Magistrate Judge Boyd N. Boland declined to stay proceedings because, *inter alia,* "the public interest in preventing DeAtley from manipulating the judicial system . . . outweighs the potential difficulties which may result from his assertion in this civil action, which he commenced, of his Fifth Amendment right." (Allard Defs. Resp. at 13 (citing Order, Doc. No. 67, *DeAtley v. Keybank Nat'l Ass'n,* Case No. 12-cv-02973-PAB-BNB (D. Colo. Oct. 28, 2013) (hereinafter "*Keybank* Order")). (*See also* Order, Doc. No. 43, *DeAtley v. Stuart,* Case No. 13-cv-01140-REB-BNB (D. Colo. Oct. 28, 2013) hereinafter "*Stuart* Order")) (declining to grant a stay for substantially the same reasons asserted in the *Keybank* Order).

The court finds that the circumstances presented here are distinguishable from those before Judge Boland in *Keybank* and *Stuart*. More specifically, Plaintiff filed the *Keybank* action after KeyBank had commenced a foreclosure action concerning his real property. Judge Boland decline to grant a stay of proceedings because it was apparent that "Mr. DeAtley [was] engaged in abusive litigation tactics for the improper purpose of manipulating the judicial system to delay both Keybank's attempts to pursue its foreclosure action and the state criminal prosecution." (*Keybank* Order at 6.)

Likewise, in the *Stuart* action, Plaintiff has alleged that his criminal defense counsel engaged in malpractice in representing him in his criminal case. Judge Boland again found that Plaintiff was engaged in abusive litigation strategy. More specifically, Judge Boland noted that Plaintiff "refused in the state prosecution to proceed *pro se* or retain substitute counsel." (*Stuart* Order at 3.) Further, by filing claims of malpractice against his criminal counsel, Plaintiff made

it "impossible for his current criminal counsel to represent him in the state prosecution." (*Stuart* Order at 3.) As such, Plaintiff was clearly using his malpractice claims to alter the course of the criminal proceedings. Accordingly, Judge Boland declined "to facilitate Mr. DeAtley's improper manipulation of the judicial system" by granting a stay. (*Id.*)

Unlike in *KeyBank* and *Stuart,* Defendants have not shown that Plaintiff is using these proceedings to stymy his criminal proceedings or any other case. Instead, Defendants essentially point to Judge Boland's orders in those cases and ask this court to follow suit. However, because Defendants have failed to demonstrate that Plaintiff's actions *in this case* amount to abusive litigation tactics, Judge Boland's orders in *KeyBank* and *Stuart* are distinguishable. Therefore, in this case, the final factor is neutral.

Altogether, the court finds that a stay of discovery is warranted. The court finds that requiring that Plaintiff submit to discovery on issues that will likely overlap with the criminal case against him would assuredly force a Hobbesian choice of pursuing his claims in this case and waiving his Fifth Amendment rights against self-incrimination, or forfeiting this case in order to preserve his Fifth Amendment rights. Further, this prejudice to Plaintiff heavily outweighs any prejudice Defendants would face from delaying this action until the completion of the criminal proceedings.

Nevertheless, the court declines to stay briefing or ruling on Defendants' motions to dismiss.[1] Defendants' motions to dismiss all argue that Plaintiff's claims are properly dismissed

---

[1] Currently pending are "Defendant Zamzow's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 22, filed Feb. 11, 2014), "The Allard Defendants' Motion to Dismiss

under Fed. R. Civ. P. 12(b)(6)—either for failure to state a claim or because the claims are barred by the statute of limitations.  In resolving a motion to dismiss under Rule 12(b)(6), the court's review is limited to the four corners of the complaint.[2]  *See Oxendine,* 241 F.3d 1272, 1276 (10th Cir. 2001).  Indeed, "the court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003); *see also Torres v. Eley,* 378 F. App'x 770, 772 (10th Cir. 2010) (statute of limitations questions may be resolved under Rule 12(b)(6) where the dates given in the complaint make it clear that the right sued upon has been extinguished) (citation omitted).

As such, by definition, Defendants' motions to dismiss relate solely to the sufficiency of Plaintiffs' First Amended Complaint.  In response,[3] Plaintiff DeAtley need only argue, through his *attorney*, that First Amended Complaint's allegations are sufficient to allow his claims to proceed; it is unnecessary for Plaintiff DeAtley to submit any testimony or other utterance that

---

Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b)" (Doc. No. 23, filed Feb. 11, 2014), and "EKS&H, LLLP's Motion to Dismiss" (Doc. No. 25, filed Feb. 11, 2014).

[2] The court may also consider facts subject to judicial notice, such as court files and matters of public record.  *Van Woundenberg v. Gibson,* 211 F.3d 560,568 (10th Cir. 2000).

[3] The Allard Defendants argue that Plaintiffs have waived their right to respond to the motions to dismiss because their responses were due on March 4, 2014 and Plaintiffs did not move for, or receive, an extension of time to respond.  Any future motion for extension of time to respond to the motions to dismiss would the province of District Judge Raymond P. Moore, as the motions to dismiss are pending before him.  As such, the court does not comment on whether Plaintiffs have waived their right to respond to the motions to dismiss, other than to note the time limitation under D.C.COLO.LCivR 7.1(d) for filing a response has expired.

might implicate a waiver of his Fifth Amendment rights. Accordingly, the court finds it unnecessary to stay briefing or ruling on Defendants' motions to dismiss in order to protect Plaintiff's Fifth Amendment rights.

Therefore, for the foregoing reasons, it is

ORDERED that Plaintiff DeAtley's "Motion for Stay" (Doc. No. 28) is GRANTED in part and DENIED in part. All discovery in this action is STAYED until further order of the court and the Scheduling Conference set for April 6, 2014 and all deadlines related thereto are VACATED. This stay shall not affect the District Court's ability to rule on Defendants' motions to dismiss at its discretion. It is further

ORDERED that, no later than 10 days after (1) the District Court's ruling on Defendants' motions to dismiss or (2) the conclusion of the criminal proceedings against Plaintiff, whichever is earlier, the parties shall file a Joint Status Report addressing any continuing need for a stay on discovery, as well as whether the Scheduling Conference should be reset.

Dated this 27th day of March, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge