**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 14–cv–00100–RM–KMT

ALAN E. DEATLEY, an individual,
15 CORPORATIONS, INC., a Washington state corporation, and
SOLUTIONS INTERNATIONAL LLC, an Oregon Limited Liability Company,

      Plaintiffs,

v.

KERMIT ALLARD, individual,
ROBERT KLICK, individual,
DAVE ZAMZOW, individual,
ALLARD & KLICK, LLC, a Colorado Limited Liability Company, and
EHRHARDT KEEFE STEINER & HOTTMAN, a Colorado Limited Liability Limited
Partnership,

      Defendants.

---

## ORDER

---

    This matter concerns Plaintiffs' allegations that Defendants engaged in negligent
misrepresentation, professional negligence, fraud, and defamation in regards to accounting and
valuation services provided to Plaintiffs with respect to conservation easements in Colorado.
(ECF No. 3 at 2.)

    This matter is before the Court on Defendant Zamzow's motion to dismiss (ECF No. 22),
Defendants Allard, Klick, Allard Klick & Company LLC's[1] (hereinafter "Allard Defendants")
(ECF No. 23) as well as their joinder to another Defendant's motion to dismiss (ECF No. 44),

---

[1] The Court uses the designation of "Allard Klick & Company, LLC" referred to in Defendants' motion to dismiss
(ECF No. 23) rather than the caption designation of "Allard & Klick, LLC" (ECF No. 3).

and EKS&H, LLLP's[2] (hereinafter "EKS&H") motion to dismiss (ECF No. 25).  Plaintiffs did

not respond to any of the motions to dismiss within the time permitted by Local Rule 7.1(d) or

request an extension of time in which to respond.  D.C. Colo. L. Civ. R. 7.1(d); (*see generally*

Dkt.).  This matter is ripe for adjudication.

For the reasons stated below, the Court GRANTS Defendant Zamzow's motion to

dismiss (ECF No. 22), Allard Defendants' motion to dismiss (ECF No. 23), and Defendant

EKS&H's motion to dismiss (ECF No. 25).  The Court DISMISSES Plaintiff's First Amended

Complaint (ECF No. 3) without prejudice.

## I.   BACKGROUND

### A.   Factual Background

The following facts come from Plaintiffs' Amended Complaint (ECF No. 3) and are

accepted as true for purposes of adjudicating the instant motions.

Beginning in 2000, Allard Defendants and Zamzow provided accounting and valuation

services to DeAtley.  (ECF No. 3 ¶ 10.)  The valuation services related to a conservation

easement.  (ECF No. 3 ¶ 11.)  Zamzow collected and organized data for the valuation analysis to

be performed by Defendant Allard.  (ECF No. 3 ¶ 14.)  Defendant Allard assembled the

valuation report and signed the report.  (ECF No. 3 ¶ 16.)  "The valuation report was the basis for

a conservation easement donation claimed by DeAtley and his business interests."  (ECF No. 3 ¶

18.)   "The valuation report was the basis for deductions submitted and claimed by DeAtley and

his business interests in federal tax filings."  (ECF No. 3 ¶ 20.)  Some of these valuation services

were provided to DeAtley in Colorado.  (ECF No. 3 ¶ 26.)

---

[2] Defendant EKS&H asserts that Plaintiff mistakenly designated it as "Erhardt Keefe Steiner & Hottman, a Colorado limited liability partnership."  (ECF No. 25 at 1-2.)

EKS&H provided accounting, tax, and valuation services to Plaintiffs.  (ECF No. 3 ¶ 34.)

Plaintiff 15 Corporations ("15 Corporations") is a successor in interest to thirteen different

corporations.  (ECF No. 3 ¶ 3.)  In 2011, the Colorado Department of Revenue disallowed tax

credits sold by the thirteen different corporations for which 15 Corporations is the successor in

interest.  (ECF No. 3 ¶ 38.)  Six months prior to the Colorado Department of Revenue's

disallowing the tax credits sold by the thirteen different corporations for which 15 Corporations

is the successor in interest, DeAtley was indicted on criminal charges related to the conservation

easements organized by various entities, including Defendants.  (ECF No. 3 ¶ 39.)

### B.    Procedural Background

This is one of a series of cases filed by Plaintiffs related to DeAtley's involvement with

Colorado conservation easement tax credits.  *E.g.*, *15 Corps., Inc. v. Colo. Dep't of Rev.*, Case

No. 13-CV-0251-WJM-MJW (D. Colo.) (dismissed without prejudice on Nov. 25, 2013);

*DeAtley v. Keybank Nat'l Ass'n*, Case No. 12-CV-02973-PAB-BNB (D. Colo.) (dismissed

without prejudice on Aug. 23, 2013 as to certain defendants; judgment in favor of the remaining

defendant entered on Dec. 30, 2014); *Deatley v. Stuart*, Case No. 13-CV-01140-REB-BNB (D.

Colo.) (dismissed without prejudice on Feb. 24, 2014); *DeAtley v. Powers*, Case No. 13-2-

35139-1 (Sup. Ct. of King Cty. Wash.) (status unknown).

In the instant lawsuit, Plaintiffs allege four sparsely-pled causes of action.  (ECF No. 3.)

In Claim One, Plaintiffs allege that Defendants, in the course of their professional services to

Plaintiffs, provided misrepresentations.  (ECF No. 3 ¶¶ 52-63.)  In Claim Two, Plaintiffs allege

that Defendants engaged in professional negligence.  (ECF No. 3 ¶¶ 64-75.)  In Claim Three,

Plaintiffs allege that Defendants engaged in fraudulent conduct.  (ECF No. 3 ¶¶ 76-88.)  In Claim

Four, Plaintiffs allege that Defendants defamed Plaintiffs with regard to statements made to a

grand jury, to prosecutors, to third-party purchases, and in court documents.  (ECF No. 3 ¶¶ 89-94.)

This case was transferred to the Court from the United States District Court for the Western District of Washington.  (ECF No. 1.)  The Court previously dismissed certain Defendants from the action.  (ECF No. 29.)  The remaining Defendants filed motions to dismiss under either Rule 12(b)(6) or 9(b) of the Federal Rules of Civil Procedure or a combination of both rules.  (ECF Nos. 22, 23, 25.)  Plaintiffs did not respond to any of the motions to dismiss nor request an extension of time in which to respond.  (*See generally* Dkt.)

## II.   LEGAL STANDARDS

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."  *Id*. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id*.  A "plaintiff must 'nudge []' [his] claims across the line from conceivable to plausible' in order to survive a motion to

dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original, internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted).  The Tenth Circuit has further noted "that the nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id.*  (Internal quotation and citation omitted.)  Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme C]ourt stated will not do.'"  *Id.* (Citation omitted.)

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in a plaintiff's favor.  *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996) (citations omitted).  However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions. . . .'" *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*,

5

556 U.S. at 678).  "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable."  *Id*.

Documents central to a plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss.  *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005) (citations omitted); *Driskell v. Thompson*, 12-CV-03107-REB-KLM, 2013 WL 4944187, at *2 n.8 (D. Colo. Sept. 10, 2013) (citations omitted).  Further, the Court may take judicial notice of publicly filed documents without converting a motion to dismiss to a motion for summary judgment.  *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.2 (10th Cir. 2006) (citations omitted).

## III.   ANALYSIS

Plaintiffs' Amended Complaint (ECF No. 3) does not distinguish among the Defendants as to whom is responsible for specific causes of action.  Thus, the Court will analyze whether any of Plaintiffs' claims are sufficiently pled.

### A.   Negligent Misrepresentation

Plaintiffs' claim for negligent misrepresentation fails to sufficiently plead facts and is barred by the applicable statute of limitations.

1.   Plaintiffs' Amended Complaint Does Not Sufficiently Plead a Claim for Negligent Misrepresentation

To state a claim for negligent misrepresentation, a plaintiff must plead allegations demonstrating:  (1) one in the course of his or her business, profession, or employment; (2) made a misrepresentation of a material fact, without reasonable care; (3) for the guidance of others in their business transactions; (4) with knowledge that his or her representations would be relied upon by the injured party; and (5) the injured party justifiably relied on the misrepresentation to

his or her detriment. *Allen v. Steele*, 252 P.3d 476, 482 (Colo. 2011). The misrepresentation must be of a material past or present fact. *Mehaffy, Rider, Windholz & Wilson v. Cent. Bank Denver*, 892 P.2d 230, 237 (Colo. 1995) (citation omitted).

Plaintiffs do not allege what specific representations that Defendants made to them were a misrepresentation of a material fact. (*See generally* ECF No. 3.) Thus, Plaintiffs have failed to state a claim for negligent misrepresentation.

2.    The Applicable Statute of Limitations Bars Plaintiffs' Claim for Negligent Misrepresentation

A cause of action for negligence accrues when the injury and its cause are known or should have been known by the exercise of reasonable diligence. C.R.S. § 13-80-108(1). Negligence actions are subject to a two-year statute of limitations. C.R.S. § 13-80-102(1)(a). Plaintiffs did not file the original complaint in this lawsuit until September 12, 2013. (ECF No. 1-1 at 11.) Any negligent misrepresentations prior to September 12, 2011 are barred by the two-year statute of limitations.

In regards to possible criminal conduct related to the conservation easements, DeAtley was indicted on October 6, 2010. (ECF No. 23-2; ECF No. 3 ¶ 39.) DeAtley was a witness to the indictment. (ECF No. 23-2 at 28.) Thus, DeAtley had knowledge or should have had knowledge of the potential negligence claim prior to October 6, 2010. Plaintiffs do not allege any misrepresentations occurring subsequent to October 6, 2010. (*See generally* ECF No. 3.) Therefore, the statute of limitations bars Plaintiffs' negligent misrepresentation claim.

**B.      Professional Negligence**

Plaintiffs' claim for professional negligence fails to sufficiently plead facts by virtue of their failure to attach the required certificate of review and is barred by the applicable statute of limitations.

1.    Plaintiffs Fail to Attach the Required Certificate of Review to Plead a
      Professional Negligence Claim

In all actions for professional negligence, the plaintiff or his attorney "shall file with the
court a certificate of review for each . . . licensed professional named as a party . . . within sixty
days after the service of the complaint." C.R.S. § 13-20-602(1)(a). A certificate of review shall
also be filed with respect to every action against a company or firm that employed such licensed
professional. C.R.S. § 13-20-602(1)(b). Failure to file a certificate of review "shall result in the
dismissal of the complaint." C.R.S. § 13-20-602(4). The certificate of review statute applies in
federal diversity cases. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1541-42
(10th Cir. 1996). The purpose of requiring a certificate of review is to "prevent the filing of
frivolous professional malpractice actions, to avoid unnecessary time and costs in defending
professional negligence claims, and to reduce the resulting costs to society. . . ." *Williams v.
Boyle*, 72 P.3d 392, 396 (Colo. App. 2003). Plaintiffs and their attorney have failed to file the
required certificate of review, and thus they fail to sufficiently plead facts to set forth a
professional negligence claim.

2.    The Applicable Statute of Limitations Bars Plaintiffs' Claim for Professional
      Negligence

As stated previously, a negligence cause of action is barred if it is not brought within the
two years when the injury and its cause are known or should have been known. C.R.S. § 13-80-
102(1)(a); *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. App. 2000) (citation omitted), *cert. denied*
(Oct. 23, 2000). As stated previously, DeAtley was a witness to his indictment on October 6,
2010. (ECF No. 23-2 at 28; ECF No. 3 ¶ 39.) Thus, DeAtley had knowledge or should have had
knowledge of the potential negligence claim prior to October 6, 2010. Plaintiffs do not allege

any negligent acts occurring subsequent to October 6, 2010.  (*See generally* ECF No. 3.)

Therefore, the statute of limitations bars Plaintiffs' professional negligence claim.

### C.    Fraud

Plaintiffs' claim for fraud fails to sufficiently plead facts under the heightened fraud

pleading standards of Rule 9(b).

### 1.    Plaintiffs' Amended Complaint Fails to State with Particularity the Circumstances Constituting Fraud and Thus Fails to State a Claim

Rule 9(b) of the Federal Rules of Civil Procedure establishes a heightened standard of

pleading for fraud claims. Fed. R. Civ. P. 9(b).  Rule 9(b) requires that a party allege "with

particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  A plaintiff must allege

"the who, what, when, where, and how of the alleged fraud." *U.S. ex rel. Sikkenga v. Regence*

*BlueCross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006) (hereinafter "*Regence*")

(internal quotation and citation omitted); *Tatten v. Bank of Am. Corp.*, 912 F. Supp. 2d 1032,

1040 (D. Colo. 2012) (citations omitted).  That is a plaintiff must plead "the time, place, and

contents of the false representation, the identity of the party making the false statements and the

consequences thereof." *Regence*, 472 F.3d at 726-27.

Plaintiffs' Amended Complaint fails to plead which specific statements are attributable

each Defendant.  (*See generally* ECF No. 3.)  Plaintiffs' Amended Complaint fails to plead

which specific representations were fraudulent.  (*See generally* ECF No. 3.)  Plaintiffs' Amended

Complaint fails to plead as to how any Plaintiff relied on any false representation.  (*See generally*

ECF No. 3.)  Thus, Plaintiffs fail to state a claim for fraud.

### D.    Defamation

Plaintiffs' claim for defamation fails to sufficiently plead facts that any Defendant made a

defamatory statement.  To the extent the claim is based on statements made prior to September

12, 2012, Plaintiffs' claim is barred by the applicable statute of limitations.  Further, some of the statements are subject to testimonial immunity.

1.     Plaintiffs' Amended Complaint Fails to Allege Facts to Support a Defamation Claim

To state a defamation claim, a plaintiff must allege:  (1) a defamatory statement concerning the plaintiff; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages, or the existence of special damages to the plaintiff caused by the publication. *Han Ye Lee v. Colo. Times, Inc.*, 222 P.3d 957, 961 (Colo. App. 2009) (citing *McIntyre v. Jones*, 194 P.3d 519, 523-24 (Colo. App. 2008)).

Plaintiffs allege no facts concerning a statement "concerning the plaintiff."  (*See generally* ECF No. 3.)  Rather, the alleged defamatory statements regard services Allard provided (or did not provide) to DeAtley or his business interests.  (*See* ECF No. 3 ¶¶ 90-91.) Plaintiffs fail to allege how these statements concern Plaintiffs.  Rather these statements concern Allard's activities or lack thereof.  Therefore, Plaintiffs fail to plead a defamation cause of action.

2.     The Applicable Statute of Limitations Bars Plaintiffs' Defamation Claim

Defamation actions are subject to a one-year statute of limitation.  C.R.S. § 13-80-103(1)(a).  Plaintiffs do not allege when Defendants made the alleged defamatory statements. (*See generally* ECF No. 3.)  The cause of action for libel accrues when the defamatory statements are published.  *Russell v. McMillen*, 685 P.2d 255, 258 (Colo. App. 1984).  To the extent Plaintiffs claim relies upon statements not brought within one year of their publication, the claim is barred by the applicable statute of limitations.

3.     Some of the Alleged Statements are Subject to Testimonial Immunity

Plaintiffs' Amended Complaint alleges that Defendants made "false and defamatory statements . . . to a grand jury, to Denver prosecutors, to third party purchasers, and in court documents." (ECF No. 3 ¶ 92.)  Trial witnesses in criminal proceedings are entitled to absolute immunity from subsequent civil liability for their trial testimony.  *Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983).  This immunity extends to proceedings before the grand jury.  *See Anthony v. Baker*, 955 F.2d 1395, 1400 (10th Cir. 1992) (holding that a grand jury proceeding is an integral judicial phase of the criminal process and therefore witnesses are entitled to absolute immunity).  Any statements to a grand jury or prosecutor are subject to immunity, and to the extent Plaintiffs' claim is based on those statements, it must be dismissed.

## IV.    CONCLUSION

Based on the foregoing, the Court:

(1)    GRANTS Defendant Zamzow's motion to dismiss (ECF No. 22) in so far as it seeks dismissal of all claims, but denied to the extent it seeks dismissal with prejudice;

(2)    GRANTS Allard Defendants' motion to dismiss (ECF No. 23) in so far as it seeks dismissal of all claims, but denied to the extent it seeks dismissal with prejudice;

(3)    GRANTS EKS&H's motion to dismiss (ECF No. 25) in so far as it seeks dismissal of all claims, but denied to the extent it seeks dismissal with prejudice; and

(4)    DISMISSES WITHOUT PREJUDICE Plaintiffs' Amended Complaint (ECF No. 3).

DATED this 9th day of January, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

11