**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14–cv–00100–RM–KMT

ALAN E. DEATLEY, an individual,
15 CORPORATIONS, INC., a Washington state corporation, and
SOLUTIONS INTERNATIONAL LLC, an Oregon Limited Liability Company,

      Plaintiffs,

v.

KERMIT ALLARD, individual,
ROBERT KLICK, individual,
DAVE ZAMZOW, individual,
ALLARD & KLICK, LLC, a Colorado Limited Liability Company, and
EHRHARDT KEEFE STEINER & HOTTMAN, a Colorado Limited Liability Limited
Partnership,

      Defendants.

_____

**ORDER**
_____

This matter concerns Plaintiffs' allegations that Defendants engaged in specific tortious

acts in regards to accounting and valuation services provided to Plaintiffs with respect to

conservation easements in Colorado, *inter alia*, negligent misrepresentation, professional

negligence, fraud, and defamation.  (ECF No. 3 at 2.)  On January 9, 2015, the Court dismissed

Plaintiffs' claims against all Defendants.  (ECF No. 45.)

This matter is before the Court on Defendants Allard, Klick, Allard Klick & Company

LLC's[1] (hereinafter "Allard Defendants") motion for attorneys' fees and costs (ECF No. 47),

_____

[1] The Court uses the designation of "Allard Klick & Company, LLC" referred to in Defendants' motion to dismiss
(ECF No. 23) rather than the caption designation of "Allard & Klick, LLC" (ECF No. 3).

Defendant EKS&H, LLLP's[2] (hereinafter "EKS&H") motion for attorneys' fees and costs (ECF

No. 48), and Defendant Zamzow's motion for attorneys' fees (ECF No. 49).  Plaintiffs filed a

consolidated response to each of the previously-referenced motions.  (ECF No. 53.)

For the reasons stated below, the Court:  (1) GRANTS Allard Defendants' motion for

attorneys' fees and costs (ECF No. 47); (2) GRANTS Defendant EKS&H's motion for attorneys'

fees and costs (ECF No. 48); and (3) GRANTS, in part, Defendant Zamzow's motion for

attorneys' fees (ECF No. 49).

## I.      BACKGROUND

The Court set forth the pertinent factual and procedural background in its prior order

(ECF No. 45 at 2-4).

## II.     LEGAL STANDARDS

Motions for attorney's fees are governed by Federal Rule of Civil Procedure 54(d)(2).

Motions for costs are governed by Federal Rule of Civil Procedure 54(d)(1).  Generally, the

"American Rule" provides that "the prevailing litigant is ordinarily not entitled to reasonable

attorney's fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 247 (1975).  "A

defendant is not entitled to attorney fees as an automatic consequence of success on a motion to

dismiss for failure to state a claim pursuant to Rule 12(b)(6)." *Robinson v. C.R. Laurence Co.,

Inc.*, 105 F.R.D. 567, 568 (D. Colo. 1985).  Section 13-17-201 of the Colorado Revised Statutes

provides, in pertinent part, that

> In all actions brought as a result of . . . an injury to person . . . occasioned by the
> tort of any other person, where any such action is dismissed on motion of the
> defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure,
> such defendant shall have judgment for his reasonable attorney fees in defending
> the action.

---

[2] Defendant EKS&H asserted that Plaintiff mistakenly designated it as "Erhardt Keefe Steiner & Hottman, a
Colorado limited liability partnership."  (ECF No. 25 at 1-2.)

Colo. Rev. Stat. § 13-17-201 (1987).  Section 13-17-201 applies when a federal court dismisses a complaint based upon Colorado tort law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 n.6 (10th Cir. 2000); *see Bazarewski v. The Vail Corp.*, Case No. 12-CV-03218-RM-MJW, 2014 WL 4243741, at *1 (D. Colo. Aug. 27, 2014).

If fees are to be awarded, the Court's Local Civil Rules require that a motion for attorney's fees contain both "a detailed description of the services rendered [and] the amount of time spent" and "a summary of relevant qualifications and experience."  D.C. Colo. L. Civ. R. 54.3(b).  To determine a reasonable fee request, a court must begin by calculating the "lodestar amount."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

Factors considered in the reasonableness of the number of hours spent by counsel for the prevailing party include:  (1) the hours that would be properly billed to one's client in accordance with good "billing judgment"; (2) time spent on specific tasks; and (3) duplication of efforts. *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996).  In exercising good billing judgment, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.  The district court is obligated to exclude "hours not 'reasonably expended' from the calculation."  *Malloy*, 73 F.3d at 1018.

The Supreme Court has found non-compensable "purely clerical or secretarial tasks [which] should not be billed at a paralegal rate regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) (citation omitted). A party must demonstrate that its counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (citation omitted). Where this showing is not made, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Id*.

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002) (citation omitted). In order to satisfy its burden, a party should produce "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Where, "a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate." *Guides*, 295 F.3d at 1079.

Section 13-16-113(2) of the Colorado Revised Statutes provides, in pertinent part, that:

> In all actions brought as a result of . . . an injury to [a] person . . . occasioned by the tort of any other person, where any such action is dismissed prior to trial under rule 12(b) of the Colorado rules of civil procedure, the defendant shall have judgment for his costs.

Colo. Rev. Stat. § 13-16-113(2). Section 13-16-113(2) does not limit the type of costs that can be recovered. *Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 F. App'x 707, 717 (10th Cir. 2009) (unpublished) (citing *City of Westminster v. Centric-Jones Constructors*, 100 P.3d 472, 487 (Colo. App. 2003)).

III.     ANALYSIS

Plaintiffs dispute Defendants' entitlement to attorneys' fees and costs for the following

reasons:  (1) Defendants' attorneys expended more hours than reasonably necessary (ECF No. 53

at 2-3); and (2) fairness due to Plaintiff DeAtley's criminal indictment (ECF No. 53 at 3-4).

A.       **Reasonableness of Hours Expended**

"Counsel for the party claiming the fees has the burden of proving hours to the district

court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for

whom fees are sought, all hours for which compensation is requested and how those hours were

allotted to specific tasks." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir.

1998).  "A district court is justified in reducing the reasonable number of hours if the attorney's

time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized

large blocks of time." *Id*.

In this matter, Plaintiffs oppose Defendants' requests because "the activity in this case

has been quite limited and Plaintiffs believe that the fees sought by all Defendants are

significantly overstated." (ECF No. 53 at 2.)  The Court is not persuaded by Plaintiffs'

argument.

The Court previously outlined this matter's extensive procedural history.  (ECF No. 45 at

3-4.)  Briefly, certain Plaintiffs have filed a serious of lawsuits regarding conservation

easements.  (ECF No. 45 at 3.)  It is reasonable that Defendants would monitor these cases'

statuses for possible issue/claim preclusion as it relates to this matter.  The hours worked by

Defendants' attorneys over approximately sixteen months of litigation (Plaintiffs' complaint

against Defendants in the District of Washington was filed in September 2013 and the Court

dismissed Plaintiffs' complaint in January 2015) is extensive given certain Plaintiffs' multiple

lawsuits, both civil and criminal.  Further, Plaintiffs specify no hours that Defendants' attorneys

worked which are unreasonable.  (*See generally* ECF No. 53.)  Given certain Defendants'

attorneys (1) prepared and negotiated a change of venue; (2) prepared a motion to dismiss

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, including a reply brief; (3)

responded to Plaintiffs' motion to stay; (4) prepared and served discovery; (5) prepared a joint

scheduling order and attended a scheduling conference; (6) communicated with other attorneys,

client representatives, insurance representatives; (7) and conducted legal research and analysis,

the Court finds reasonable such hours in light of the parties' billing judgment, time spent on

specific tasks, and duplication of efforts.

The Court, however, reduces the hours worked by Defendant Zamzow's attorneys' by

one hour which was the time spent preparing the motion for attorney's fees.  (*See* ECF No. 49 at

9.)  The Court reduces this hourly figure because it was not necessary for the defense of this

action.  *See* Colo. Rev. Stat. § 13-17-201.

**B.      Reasonableness of Rates Charged**

In this matter, Plaintiffs do not specifically contest the reasonableness of Defendants'

attorneys' hourly rates.  (*See generally* ECF No. 53 (stating that "[t]he Court has the authority to

adjust the fees to an amount that reflects the limited activity in the case and general fairness")).)

Therefore, the Court concludes that the hourly rates are reasonable.  *Rodriguez v. Zavaras*, 22 F.

Supp. 2d 1196, 1202 (D. Colo. 1998) ("As defendants have not objected, [the Court will] deem

those rates reasonable for services rendered . . . ").

Further, Allard Defendants attached the Colorado Bar Association's 2010 economic

survey which contains the billing rates for associates and paralegals.  (ECF No. 47-7 at 10-13.)

Additionally, Defendants attached affidavits to their respective motions which detail the

experience and reasons why the hourly rates for partners and others are reasonable.  (ECF No. 47-1 at 1-6, Thomas D. Birge Aff.; ECF No. 48-1 at 1-3, Steven M. Feder Aff.; ECF No. 49 at 4-5, Todd W. Rogers Aff.)  Plaintiffs do not dispute that "the hourly rates cited may be within the range of hourly [rates] charged by attorneys with similar experience in the State of Colorado." (ECF No. 53 at 3.)

For these reasons, the Court finds reasonable the hourly rates charged by Defendants' respective attorneys.

### C.     Plaintiffs' Concern with Waiving Fifth Amendment Protection

Plaintiffs argue that the intent of Section 13-17-201 of the Colorado Revised Statutes was to discourage the institution or maintenance of unnecessary tort claims.  (*See* ECF No. 53 at 3.) Plaintiffs further argue that an individual seeking to preserve his rights in a civil action is limited in his ability to pursue the civil action if it would result in waiving his Fifth Amendment right against self-incrimination.  (ECF No. 53 at 3.)  The Court is not persuaded by Plaintiffs conclusory arguments.

First, two of the three Plaintiffs are corporations to which the Fifth Amendment is inapplicable.  *Bellis v. United States*, 417 U.S. 85, 89-90 (1974).

Second, Plaintiffs fail to articulate substantiated facts, either via an affidavit or a declaration, supporting their argument.  (*See generally* ECF No. 53.)  The Court recognizes that Plaintiffs' counsel, as an officer of the Court, has an obligation to represent such a factual contention has evidentiary support.  *See* Fed. R. Civ. P. 11(b)(3).  The Court finds, however, such "evidence" necessary in opposition to Defendants' motions because of the factual implications.

## IV.     CONCLUSION

Based on the foregoing, the Court:

(1)      GRANTS Allard Defendants' motion for attorneys' fees and costs (ECF No. 47), to wit the Court awards attorneys' fees in the amount of $35,057.50 and costs in the amount of $701.50 payable by Plaintiffs, jointly and severally[3], within thirty (30) days of this Order's entry;

(2)      GRANTS EKS&H's motion for attorneys' fees and costs (ECF No. 48), to wit the Court awards attorneys' fees in the amount of $44,816.80 and costs in the amount of $251.14 payable by Plaintiffs, jointly and severally, within thirty (30) days of this Order's entry; and

(3)      GRANTS, in part, Defendant Zamzow's motion for attorneys' fees (ECF No. 49), to wit the Court awards attorneys' fees in the amount of $15,631.00 payable by Plaintiffs, jointly and severally, within thirty (30) days of this Order's entry.

DATED this 13th day of April, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[3] The Court holds that because Plaintiffs' claims were asserted jointly, Plaintiffs are liable jointly and severally. *West Daniels Land Ass'n, Inc. v. Wasatch Cty.*, Case No. 2:10-CV-558, 2011 WL 1584822, at *4 (D. Utah Apr. 26, 2011) (citing *Robinson v. City of Harvey*, 617 F.3d 917, 917 (7th Cir. 2010) and *Garner v. Cuyahoga Cty. Juvenile Ct.*, 554 F.3d 624, 641 (6th Cir. 2009)).