**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14–cv–00100–RM–KMT

ALAN E. DEATLEY, an individual,
15 CORPORATIONS, INC., a Washington state corporation, and
SOLUTIONS INTERNATIONAL LLC, an Oregon Limited Liability Company,

    Plaintiffs,

v.

KERMIT ALLARD, individual,
ROBERT KLICK, individual,
DAVE ZAMZOW, individual,
ALLARD & KLICK, LLC, a Colorado Limited Liability Company, and
EHRHARDT KEEFE STEINER & HOTTMAN, a Colorado Limited Liability Limited Partnership,

    Defendants.

---

## ORDER
---

    This matter is before the Court on Defendant EKS&H, LLLP's ("EKS&H") request for Court approved forms of judgment ("Request"). (ECF No. 62.) All other Defendants joined in EKS&H's Request. (ECF No. 62 at 3.) Although Plaintiffs do not consent to Defendants' request (ECF No. 62 at 1), to date Plaintiffs have not filed a response to the Request (*see generally* Dkt.).

    For the below stated reasons, the Court DENIES Defendants' Request.

    Under Rule 58(d) of the Federal Rules of Civil Procedure, a party may request that a judgment be set out in a separate document. Fed. R. Civ. P. 58(d). That is the nature of Defendants' Request. (ECF No. 62.)

On April 13, 2015, the Court entered an order (ECF No. 59) awarding (1) Defendants Kermit Allard, Robert Klick, and Allard Klick & Company, LLC (collectively "Allard Defendants") attorneys' fees and costs in total of $35,759.00; (2) EKS&H attorneys' fees and costs in total of $45,067.94; and (3) Defendant Dave Zamzow ("Zamzow") attorneys' fees in the amount of $15,631.00.  The Court awarded these amounts against all Plaintiffs jointly and severally and payable within thirty days.  (ECF No. 59 at 8.)

Defendants request that the Court enter an order approving the forms of judgment (ECF Nos. 62-2; 62-3; 62-4) and directing the Clerk to insert the applicable interest rate.  (ECF No. 62 at 3.)  The forms of judgment are insufficient because they fail to identify the date on which the interest begins to accrue.  (*See generally* ECF Nos. 62-2; 62-3; 62-4.)  "Post-judgment interest begins to accrue on a judgment for attorneys['] fees on the date the fees were meaningfully ascertained and included in a final appealable judgment."  *Jane L. v. Bangerter*, 920 F. Supp 1202, 1206 (D. Colo. 1996) (citation omitted).  In this matter, such date occurred on when the Court issued its April 13, 2015 order (ECF No. 59).  *See MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/Am. Exp. Inc.*, 862 F.2d 1470, 1475-76 (10th Cir. 1992).

Based on the foregoing, the Court:

(1)  DENIES Defendants' Request to approve the tendered forms of judgment (ECF No. 62); and

(2)  DIRECTS Defendants to file revised forms of judgment on or before September 14, 2015, which include the applicable interest rate as "calculated from the date of [April 13, 2015], at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment[,]" 28 U.S.C. § 1961(a).

DATED this 1st day of September, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge